*523 OPINION of the Court, by
Ch. J. P.OYI.E.
This was an action of debt on a guardian’s bond, brought in the name of the justices of Mercer county, for the benefit of the ward and her husband against the guardian and his security.
A verdict and judgment were given against the defendants, and they have appealed to this court.
The only point made by the assignment of error relates to the sufficiency of the declaration. The objections taken to the declaration which we deem materia! tobe noticed, are, 1st, that the breaches assigned in the condition of the bond are too general; and 2dly, that they are broader than the covenants contained in the condition of the bond.
The breaches to which these objections are taken are in substance, “ that the guardian failed to collect sundry sums of money due said ward, and also in spending and wasting the estate of said ward.”
It is contended in support of the first objection, that ⅝⅛⅞⅜⅜ breaches, to have been good, ought to have sho.wn *524 from whom the money was due, and how the estate was wasted. But this position, we apprehend, cannot be supported either upon principle or authority : for it is a general rule in pleading, that where a subject comprehends a multiplicity of matter, there, in order to avoid prolixity, the law allows of general pleading. It has accordingly been often held, that such general mode of assigning breaches in cases like the present, is sufficient. — 2 Saund. 411, note 4, and the cases there cited.
The second objection is predicated upon the supposition that the breach assigned for failing to collect money due said ward, is more extensive than the condition of the bond, which requires the guardian to collect only such money as should become due to the ward during her minority. i>ut this supposition, wc apprehend, is incorrect. The term ward, used in the assignment of the breach, as well in its popular as in its technical acceptation, is applicable only to a person under the age of twenty-one years, and subject to the guardianship of another. According to the import of the term, there-» fore, the breach alleged in the failure to collect money due said ward, is equivalent to the allegation of a breach in failing to collect money due to her during her minority ; und is consequently not broader than the express terms of the condition of the bond.
Judgment affirmed.